IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Donald Phillip Smith, | ) | Civil Action No.: 4:12-cv-02139-RBH |
|---|---|---|
| | ) | Criminal No.: 4:05-cr-00332-RBH-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Pending before the Court is Donald Phillip Smith's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255.[1]

**Procedural History and Factual Background**

On March 23, 2005, a federal grand jury returned an indictment against Petitioner, containing the following: (1) a count charging him with forgery in violation of 18 U.S.C. §§ 471 and 2; (2) a count charging him being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and (3) a count charging him with production of false identification documents in violation of 18 U.S.C. § 1028(a)(1). Petitioner entered a plea of not guilty at his arraignment on May 23, 2005. On September 9, 2005, Petitioner withdrew his plea of not guilty and entered a guilty plea to the charge of being a felon in possession of a firearm, while the Government dismissed the remaining charges.

At a sentencing hearing held on December 15, 2005, Petitioner's Presentence Report (PSR) indicated that he was an "armed career criminal" under U.S.S.G. § 4B1.4(c)(1) because he had at least three (3) prior convictions for a violent felony or serious drug offense or both, committed on occasions

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

different from one another. [PSR, Doc. # 38, at 15.] The Court sentenced Petitioner to 180 months imprisonment, and this judgment was docketed on December 29, 2005. Petitioner did not file an appeal.

On July 31, 2012, Petitioner filed the instant Motion to Vacate [Doc. # 132], alleging the following grounds for relief:

**Ground One:** In light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he should not have been sentenced as an armed career criminal.

**Ground Two**: Petitioner is entitled to a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b).

[Pet'r's Mot. to Vacate, Doc. # 73, at 4–14.]

Because it plainly appears that the Motion to Vacate is untimely, this Court did not require a response from the Government and this matter is ripe for review.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").[2]

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## **Discussion**

As this Court stated above, Petitioner's convictions and sentence were imposed by a judgment filed on December 29, 2005. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, he had ten

---

[2] The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). Petitioner does not argue that equitable tolling should apply to this case. This Court further notes that such tolling would be inappropriate under the situation at bar. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that "rarely will circumstances warrant equitable tolling").

days from that date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(I) (2006).[3] However, Petitioner did not pursue a direct appeal. Because Petitioner did not seek appellate review, his judgment of conviction became final for the purpose of starting the one-year limitations period on January 13, 2006. *See* Fed. R. App. P. 26(a)(2) (providing "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). Petitioner then had one year, specifically until January 14, 2007, in which to file his Motion to Vacate. *See* 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion to Vacate was not filed until July 31, 2012, more than five years *after* the statute of limitations had run.[4] As such, the Motion to Vacate is untimely on its face.

Because Petitioner does not argue that any impediment to his Motion to Vacate was removed within a year prior to its filing, or that facts supporting his claim were discovered within that time period, Petitioner's Motion to Vacate is untimely unless he can show the following: that on or after July 30, 2011, the right asserted by Petitioner was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f). Petitioner fails to make any such showing.

Petitioner argues that based on the Fourth Circuit's holding in *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his prior convictions do not qualify as predicate offenses for armed career criminal purposes. [Pet'r's Mot. to Vacate, Doc. # 73, at 1–14.] However, as has been previously discussed, Petitioner is time-barred unless the right asserted was newly recognized *by the Supreme Court* and made retroactively applicable to cases on collateral review. *Simmons* is not a U.S. Supreme Court decision. *See e.g.*, *Blakney v. United States*, No. 4:11–cv–70024–RBH, 2011 WL 1113468, at *2 (D.S.C. March 24, 2011) (stating

---

[3] The rule now provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within *14* days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(I) (West 2010) (emphasis added).

[4] This Court notes that to the extent Petitioner attempts to raise issues pursuant to Rule 35(b), those issues are currently pending before the Court based upon a previously filed pro se motion. [*See* Doc. # 65.]

4

"[m]ost notably, the [ ] case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period"). Therefore, because *Simmons* is not a new Supreme Court case that established a new rule of law that would apply retroactively to the instant case, Petitioner's Motion to Vacate is untimely.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is time-barred and that no evidentiary hearing is needed. Based on the foregoing, it is **ORDERED** that Petitioner's Motion to Vacate [Doc. # 73] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
July 31, 2012